# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv87

| | |
|---|---|
| JAMES N. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. This case is now before the Court on the administrative record and the parties' Motions for Summary Judgment [# 9 & # 11]. Upon a thorough review of the entire record, the pleadings, and the parties' briefs, the Court **RECOMMENDS** that District Court affirm the Commissioner's decision.

I.      **Procedural History**

Plaintiff filed an application for Social Security Income and Disability Insurance Benefits on August 20, 2007, alleging that he became disabled on June

11, 2006. (Transcript of Administrative Record ("T.") 93-100.) The Social Security Administration denied his claim, finding that he was not disabled. (T. 49.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 57.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 17.) The ALJ issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 16.) Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (T. 1.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his September 16, 2009, decision, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 11, 2006, through the date of the decision (T. 15.) The ALJ made the following specific findings:

(1)  The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

(2)  The claimant has not engaged in substantial gainful activity since June 11, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3)  The claimant has the following severe impairment: diabetes (20 CFR 404.1520(c)).

(4)  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

>    impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
>
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c).
>
> (6) The claimant is capable of performing past relevant work as a forklift driver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> (7) The claimant has not been under a disability, as defined in the Social Security Act, from June 11, 2006 through the date of this decision (20 CFR 404.1520(f)).

(T.10-16.)

### VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance

of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. **Analysis**[1]

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairment: diabetes. (T. 12.) While it is undisputed that Plaintiff also suffers from the mental impairment of depression, the ALJ found that Plaintiff's depression "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore a 'non-severe' impairment as defined in the Social Security Act and Regulations." (T. 12-13.) In reaching his decision, the ALJ considered the four broad functional areas set forth in the regulations. (Id.) The ALJ found that Plaintiff has mild limitations in the area of: (1) daily living, (2) social functioning, (3) concentration, persistence or pace, and (4) has not experienced any episodes of decompensation

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

of an extended duration. (T. 13.) The ALJ then found that:

> Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, it is nonsevere (20 CFR 404.1520a(d)(1)).

(T. 13.)

Plaintiff contends that the ALJ erred by not considering Plaintiff's depression as an additional severe impairment. Specifically, Plaintiff contends that the ALJ erred by not taking into account the opinion of one of the state agency examiners who found that Plaintiff suffered from one or two episodes of decompensation and by finding that Plaintiff's depression only caused minimal interference with his ability to work. The Court finds that the decision of the ALJ, including the ALJ's determination that Plaintiff has not suffered an episode of decompensation of extended duration, is supported by substantial evidence in the record. Plaintiff has not pointed the Court to medical records that contradict the ALJ's determination and demand reversing or remanding this case.

The three state agency reviewing psychological experts found that Plaintiff's depression was not a severe impairment and that he had, at most, mild functional limitations stemming from his depression. (T. 238, 276 & 301.) Dr. Eleanor E. Cruise found no functional limitations or episodes of decompensation of extended duration. (T. 248.) Although Dr. Ben Williams found mild functional limitations

and one or two episodes of decompensation, he recommended that Plaintiff's depression was nonsevere and found that Plaintiff was compliant on his medications. (T. 286-88.) Dr. Edward Stodola found no functional limitations or episodes of decompensation of extended duration. (T. 311.) Finally, Plaintiff testified that although he suffered from mood swings, had trouble sleeping at night, and sometimes thought about suicide (T. 42-43.), he only sometimes had these symptoms after going on medication, and the symptoms were less severe than before he started the medications. (T. 44-5.)

Based on a review of all the evidence in the record, including Plaintiff's medical records, the three psychiatric review technique forms, and the transcript from the hearing, the Court finds that the ALJ's findings are supported by substantial evidence in the record. There is substantial evidence in the record supporting the ALJ's conclusion that Plaintiff's depression has only a minimal effect on him, and would not interfere with his ability to work. See Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984). The fact that one of the three psychiatric examiners found that Plaintiff had suffered from one or two episodes of decompensation does not, in and of itself, require a finding that Plaintiff's depression was severe, especially in light of the findings of the other two examiners. Because substantial evidence supports the Commissioner's

determination that Plaintiff is not disabled as defined in the Social Security Act, the Court **RECOMMENDS** that the District Court affirm the decision of the Commissioner.

VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** the Plaintiff's Motion for Summary Judgment [# 9], and affirm the decision of the Commissioner.

Signed: November 15, 2011

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).