# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv87

| | |
|---|---|
| JAMES N. CRAWFORD, ) ) Plaintiff, ) ) vs. ) ) MICHAEL J. ASTRUE, ) COMMISSIONER OF SOCIAL ) SECURITY, ) ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 9 and 11].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On November 15, 2011, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 13] in this case containing proposed conclusions of law in support of a recommendation regarding the parties' Motions. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be

filed in writing within fourteen (14) days of service. The Plaintiff timely filed his Objections to the Memorandum and Recommendation and the Defendant filed Reply. [Doc. 14; Doc. 15].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Procedural History, Standard for Determining Disability or Standard of Review as stated by the Magistrate Judge in the Memorandum and Recommendation. [Doc. 14]. He also does not object to the Magistrate Judge's statement of the relevant factual background with the sole exception of his consideration of the Plaintiff's condition of depression. [Id.]. That objection is discussed below.

Having conducted a careful review of all remaining portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which

2

objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The Magistrate Judge found the decision of the Administrative Law Judge (ALJ) that the Plaintiff's depression was not a severe impairment was supported by substantial evidence. The Plaintiff contends this conclusion was in error because the severity of his depression was not fully considered. [Doc. 14]. He does not object to the Magistrate's conclusion that there was no impact made by his depression on the Plaintiff's daily living, social functioning and concentration and pace. [Id. at 2]. The Plaintiff's objection is that because he has experienced one or two episodes of decompensation, his depression should have been considered severe. [Id.]. In support of his position, the Plaintiff cites the opinion of state agency reviewing psychologist Ben Williams,

3

Ph.D. [Id.]. According to the Plaintiff, Dr. Williams opined that the Plaintiff had sustained one or two episodes of decompensation, each of which was of extended duration. [Id.].

Dr. Williams was the only one of three state agency reviewing psychological experts who found that the Plaintiff had experienced episodes of decompensation of extended duration. [T. 238-251, 276-289, 301-314]. Despite this difference of opinion, he nonetheless agreed with the other experts that the Plaintiff's depression was not a severe impairment. [T. 238-251]. The Plaintiff's argument is that because Dr. Williams found that he had such episodes, then the applicable regulation requires that the Plaintiff's impairment be found severe.

The regulation actually provides that where there is no functional limitation in the areas of daily living, social functioning and concentration and pace followed by a mild or no limitation in the area of episodes of decompensation, the agency "*will generally conclude* that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities[.]" 20 C.F.R. §404.1520a(d)(1) (emphasis provided). The Plaintiff claims that because one expert found that he had sustained one or two episodes of decompensation,

4

the ALJ was required, under the regulation, to find his depression to be a severe impairment. The regulation, however, does not so provide, as noted by the use of the words "will generally" as opposed to mandatory language. Moreover, all three state agency reviewing psychologists concluded that the Plaintiff's depression was not a severe impairment. The opinions of these non-examining state agency reviewing psychologists are consistent with the evidence of record, and therefore were properly relied upon by the ALJ. Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (noting that the opinion of a non-examining physician can constitute substantial evidence in support of the ALJ's decision when it is consistent with the record).

The Court therefore finds that the Magistrate Judge was correct in concluding that there is substantial evidence in the record to support the ALJ's determination. Accordingly, the Court accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 14] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 13] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 11] is hereby **GRANTED** and the Plaintiff's Motion for Summary Judgment [Doc. 9] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: July 3, 2012

Martin Reidinger
United States District Judge